IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVIA HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 11-0363-KD-N |
| | ) |
| GEORGIA-PACIFIC L.L.C., JOHN | ) |
| ANDREWS, ANDREW DILLON and | ) |
| JON POLING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the court on the Magistrate Judge's Report and Recommendation (Doc. 24) regarding plaintiff's Motion to Remand (doc. 17). Upon consideration, the Report and Recommendation is ADOPTED as revised *infra*, the Motion to Remand is GRANTED, and the case is REMANDED to the Circuit Court of Choctaw County, Alabama.

Plaintiff's Motion to Remand challenges this court's jurisdiction. As such, the undersigned is required to first consider the question of jurisdiction. *See* Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94 (1998). Because the undersigned finds that the court lacks subject matter jurisdiction and that plaintiff's motion to remand should be granted, the court does not address the remaining motions to dismiss.

Background

This slip-and-fall action arises from personal injuries allegedly suffered by plaintiff as a result of a dangerous condition which the defendants allowed to exist on the premises of defendant Georgia-Pacific, L.L.C.'s plant in Pennington, Alabama, and of which they failed to warn plaintiff, a business invitee on the premises. Defendant Georgia-Pacific timely removed

(doc. 1) the action to this court from the Circuit Court of Choctaw County, Alabama; the individual defendants did not join the notice of removal. Plaintiff and two of the three individual defendants are citizens of Alabama.[1] Defendant asserts that this case falls within the court's jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332, arguing that the two non-diverse individual defendants are fraudulently joined in this action and thus that their citizenship is irrelevant. Plaintiff disputes this argument[2] and seeks remand.

## Legal Standard

It is well settled that "[a] removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes are construed narrowly, with all doubts resolved in favor of remand. *See* Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003) ("removal statutes should be construed narrowly, with doubts resolved against removal"); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction). "In reviewing matters concerning removal and remand, it is axiomatic that ambiguities are generally construed against removal." Jones v. LMR Int'l, Inc., 457 F.3d 1174, 1177 (11th Cir. 2006) (citation and internal quotation marks omitted). Moreover, it is without dispute that "[t]he

---

[1] Plaintiff alleges that all three individuals were Alabama residents; however, defendant Dillon states in his affidavit in support of his Motion to Dismiss that he was a Mississippi resident at the time of removal.

[2] Though the complaint does not seek a particular sum, no issue is raised that the amount in controversy is insufficient to satisfy the diversity statute. Defendant asserts that plaintiff's counsel has indicated that the value of the case is in the "six figure" range. As the parties are not diverse, the undersigned does not address the sufficiency of the proof of the amount in controversy.

existence of federal jurisdiction is tested at the time of removal." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008). As such, for purposes of the Motion to Remand, the Court focuses on jurisdictional facts as they appeared when defendant filed the Notice of Removal. *See* Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal.").

Under 28 U.S.C. § 1332, federal jurisdiction lies where plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. The law is clear that § 1332 demands complete diversity, such that no plaintiff may be a citizen of the same state as any defendant. *See, e.g.,* Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) (Section 1332 "requires complete diversity-the citizenship of every plaintiff must be diverse from the citizenship of every defendant"); Florence v. Crescent Resources, LLC, 484 F.3d 1293, 1297 (11th Cir. 2007) (recognizing "necessary corollary" of diversity jurisdiction that "complete diversity of citizenship" is required) (citation omitted).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."[3] Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Notwithstanding the complete diversity requirement, a non-diverse defendant who is fraudulently joined *does not* destroy jurisdiction because his citizenship is excluded from

---

[3] The Alabama defendants presence in this litigation raises issues not only concerning § 1332's jurisdictional requirements, but also for purposes of statutory removal procedures which do not allow for removal on diversity grounds if any defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Thus, the individual defendants' Alabama citizenship is problematic under both § 1332 and § 1441(b), and can be overcome only if defendants establish by clear and convincing evidence that there is no possibility plaintiff can establish a cause of action against defendants Andrews and/or Poling.

the diversity calculus. Under well-settled law, a finding of fraudulent joinder is appropriate in the circumstances presented here only if "there is no possibility the plaintiff can establish a cause of action against the resident defendant.... The defendant must make such a showing by clear and convincing evidence." Henderson v. Washington National Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006); *see also* Florence, 484 F.3d at 1299 ("if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary").[4] Thus, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287.  The burden on the removing party to prove fraudulent joinder is a "heavy one." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). In assessing a fraudulent joinder claim, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). However, while the analysis is similar to that of a summary judgment motion, "the jurisdictional inquiry 'must not subsume substantive determination' ... [and w]hen considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Crowe, 113 F.3d at 1538. This court's authority to assess the "ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims" and it should not attempt to determine "the merits of cases that do

---

[4] Two other potential approaches clearly do not apply in this case: where there is outright fraud in the plaintiff's pleading of jurisdictional facts; and where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. Triggs, at 1287.

not appear readily to be frivolous or fraudulent." Id. at 1541-42.  With this legal framework in mind, the court now turns to the issues raised in plaintiff's motion to remand.

## Discussion

Plaintiff alleges that, at the relevant time, the individual defendants were employees of defendant Georgia-Pacific.  Plaintiff further alleges that defendant John Andrews was the Safety Coordinator, defendant Andrew Dillon was the Safety Engineer, and defendant Jon Poling worked in industrial safety.[5]  It is clear from the complaint, and made express in plaintiff's Reply to the Motion to Remand, that these individuals were named as defendants because they held positions which appeared likely to have responsibility for the safety of the premises.[6]

In response to the motion to remand defendants argue, in sum, that the individual defendants are not "properly joined" parties because a) the plaintiffs did not plead their responsibility correctly and b) the individuals did not, in fact, have responsibility for safety outside the plant building and did not have knowledge of the dangerous condition.  In support, defendants offer affidavits to that effect from each of the individual defendants (Notice of Removal, doc. 1, exhibits 3,4, and 6); however, defendants have not indicated who—or what position—had or held such responsibility, nor do they acknowledge that any employee had such responsibility.  Further, the limited statements contained in these affidavits fail to directly address whether any of the individual defendants had duties as safety officials that included

---

[5] In addition, plaintiff included fictitious defendants X, Y and Z.  X is defined as the individual responsible for the dangerous condition of the premises, Y as the corporation, firm or partnership responsible for that condition, and Z as the individual, corporation, firm or partnership responsible for the upkeep and maintenance of the premises.

[6] The plaintiff's Reply states in general terms that the individuals were sued because plaintiff's investigation indicated that they were the persons with personal responsibility for the condition of the premises.

management, supervision or other control over such persons as defendants admit had that direct responsibility.  Nonetheless, the undersigned will presume that defendants intended their affidavit testimony as a denial of liability under any such theory.  The court considers whether these defendants' general denials of responsibility are sufficient to demonstrate, by clear and convincing evidence, that plaintiff could not possibly establish a cause of action against them.

Pleadings Errors

Defendant argues that plaintiff did not sufficiently plead causes of action against the individuals, and cites cases from this court in support of that argument.  As a threshold matter, the court finds it sufficiently clear from the Complaint that plaintiff's claims against the individual defendants are based on the fact that their titles reflect that they held positions concerning plant safety; particularly with regard to the higher-ranking safety personnel, this would reasonably be understood to include the allegedly dangerous condition outside the plant at issue in this case.  The plaintiff alleges that the "defendants" allowed the condition to exist and failed to warn plaintiff of its existence.  This seems adequate, at least when determining whether certain of the defendants were fraudulently joined, to convey the liability claim against these defendants.  When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually.  Under the liberal requirements of notice pleading, "[n]o technical forms of pleading ... are required."  Crowe, 113 F.3d at 1539 (*quoting* Fed.R.Civ.P. 8(a) and *citing* O.C.G.A. § 9-11-8(a)(2)(A)).

In addition, the cases cited do not establish a pleading requirement.  Defendants cite the better-drafted allegations found in this court's decisions in Holloway v. Morrow, 2008 WL 401305 (S.D.Ala.) and Kimbrough v. Dial, 2006 WL 3627102 (S.D.Ala.) as establishing that a

plaintiff's failure to make such clear allegations is sufficient to establish fraudulent joinder. The excerpt quoted from Holloway in their Response, doc. 22, at 4-5, is misleading; that language comes as the court rejects the defendant's argument concerning insufficiency of the allegations by stating that the complaint was, indeed, clear. That statement is not equivalent to a holding concerning the minimum allegations required to avoid a finding of fraudulent joinder. Indeed, the Holloway decision elsewhere frames its reasoning by saying "nothing in the Complaint or the Discovery Responses negates personal participation or contribution by Morrow, or establishes clearly and convincingly that there is no possibility that Holloway will be able to demonstrate same with respect to Morrow." The fact that the decision then goes on to describe the allegations does not change the analysis or the basis for the court's decision.

Further, reliance on federal authority for a minimum pleading standard is improper. The majority of courts addressing this matter have held that a federal court should not look to the federal standard for sufficient pleading under Rule 8 and 12(b)(6) to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when, as here, the state pleading standard is more lenient. *See, e.g.,* Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1284 (11th Cir. 2006) ("[T]he decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands."); Archuleta v. Taos Living Center, L.L.C., 2011 WL 2429329, at *8 (D. N.M. 2011)(group pleading, failing to specify which defendant did what, did not warrant finding of fraudulent joinder); Edwea, Inc. v. Allstate Ins. Co., 2010 WL 5099607, at *5-6 (S.D. Tex. 2010)(citing numerous cases and declining to use Twombly/Iqbal standard in fraudulent joinder analysis).

In Henderson v. Washington Nat.Ins.Co., 454 F.3d 1278, 1283-84 (11th Cir. 2006), the Eleventh Circuit Court of Appeals reversed the denial of a motion to remand which had been granted on fraudulent joinder grounds based on a finding that the plaintiff had failed to plead fraudulent joinder sufficiently to support its argument that the statute of limitations was tolled. The district court had held that, because the fraudulent concealment had not been adequately pled, plaintiff could not conceivably prevail. The Court of Appeals held that Alabama law applied and required fraud to be pled with particularity, but found it unnecessary to "reach a definitive pronouncement on the state of the fraudulent concealment pleading requirements in Alabama fraud cases." Id., at 1283. The Court stated "[o]ur task is not to gauge the sufficiency of the pleadings in this case. Our inquiry is more basic: we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient to invoke" the statutory provision concerning fraudulent concealment.[7] *See also* Duffin v. Honeywell Int'l, Inc., 312 F.Supp.2d 869, 871 (N.D.Miss. 2004)(given defendant's heavy burden, a removing defendant cannot allege vague and inconclusive pleadings as a basis for finding that plaintiffs have no claim against non-diverse defendants); Rosamond v. Garlock Sealing Techs, Inc., 2004 SL 943924, at *2 (N.D.Miss. April 5, 2004)(the fact that a plaintiff's complaint makes "vague and conclusory allegations" does not mean defendants have demonstrated fraudulent joinder).

---

[7] In an unpublished decision, Hill Dermaceuticals, Inc. v. RX Solutions, 306 Fed.Appx, 450, 454-55 (11th Cir. 2008), the Eleventh Circuit upheld a finding of fraudulent joinder based on a failure to plead facts related to claims of defamation and false statement. The issue of whether federal or state law should apply was not raised or addressed. The opinion is not considered "binding precedent," *see* U.S.Ct. of App. 11th Cir. 36-3 and IOP 36-3(7), and could not alter the prior ruling in Henderson. Arguably, the relation of the plaintiff's claims to fraud allegations may have been deemed to call for application of a heightened pleading requirement.

The allegations in the instant complaint appear to be adequate under traditional state-law notice pleading requirements. This court has found no Alabama case or other state authority restricting notice pleading in allegations of managerial or employee personal liability, nor has defendant cited any such authority.  Additionally, inadequacies in pleading are generally handled by allowing plaintiff an opportunity to amend the complaint to correct them, but even where dismissal might be a proper remedy in federal court, a failure to correctly plead a claim does not require a finding that a plaintiff fraudulently joined a particular defendant or that there is no possibility that plaintiff could have established a cause of action against these defendants had the action remained in state court.  Defendants' argument that the non-diverse defendants were fraudulently joined because plaintiff failed to adequately plead the claims against them is without merit.

Fraudulent Joinder

It is clear that parties arguing whether non-diverse defendants were fraudulently joined may base their arguments on affidavits and certain other evidentiary materials.  "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties."  Pacheco de Perez, v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998).  The Eleventh Circuit cautions the district court to avoid "weigh[ing] the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."  Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).   In Legg v. Wyeth, 428 F.3d 1317 (11th Cir. 2005),  the court endorsed the consideration of affidavits by the non-diverse defendants denying

liability and indicated that when uncontested by any evidence, the district court is to accept the claims of such affidavits.

The scope of the Legg rule was further explained in Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 2011 WL 2150183 (11th Cir. 2011) (*per curiam*, unpublished), where the panel addressed a situation similar to that in Legg, but distinguished the prior decision. Taylor involved a removed tort action against a corporation and one of its employees, Valencia. The Court stated:

> In his deposition, Valencia testified that he was the last CST employee to leave the warehouse before the fire, and that all of the hazardous materials were stored and all of the electrical appliances were shut down or unplugged when he left. He also testified that CST did not install any of the electrical systems at the warehouse. Defendants argue that Valencia's deposition testimony, given the absence of any admissible evidence to the contrary, conclusively disproves the allegations in the Complaint and forecloses the possibility that Plaintiffs could state a cause of action against Valencia. … [T]he district court rejected this argument and instead adopted the magistrate judge's conclusion that "whether Valencia properly did his job, followed safety procedure, and/or other of his actions contributed to the fire depends completely on the credibility of his testimony."
>
> We agree with the district court: Valencia's deposition testimony did not foreclose the possibility that Plaintiffs could state a cause of action against him for negligence under Florida law. As the former Fifth Circuit explained, "[d]oubt as to whether under the state law a case of joint liability is stated, or doubt with respect to the allegations concerning the resident defendants being false as when the question depends upon the credibility of witnesses or the weight of evidence will not render the joinder fraudulent." Parks v. New York Times Co., 308 F.2d 474, 477 (5th Cir. 1962) (emphasis added). **Our decision in Legg is not to the contrary. In that case, we concluded that removal was not improvident where the defendant pharmaceutical company supported its claim of fraudulent joinder of three of its sales representatives by submitting affidavits by those representatives establishing undisputed facts that made it impossible to establish liability against a resident defendant. Legg, 428 F.3d at 1322. Specifically, the affidavits showed that one representative was not a resident or citizen of the forum state, that another did not market the drug at issue in the case, and that the third did not know or have reason to know of the health risks of the drug until they were publicized. Id. at 1321. We observed that the plaintiffs did not contest these facts and explained that**

> **"[w]hen the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint."** Id. at 1323. But the issues in Legg did not depend upon the credibility of the testimony in the same manner as in this case, because Plaintiffs here have contested the deposition evidence. Certainly Plaintiffs have not yet offered evidence rebutting the specific statements Valencia made in his deposition, but they have generally contested his version of events by pointing to his testimony that he served as operations manager for CST and was the last CST employee to leave the warehouse before the fire. Given Valencia's role in overseeing the safety procedures, the question of whether he personally participated in the alleged tort depends on the credibility of his testimony. Fraudulent joinder was therefore not a proper basis for removal to federal court. See Parks, 308 F.2d at 477.

Taylor, at *3 (emphasis added).

As noted, the allegations of plaintiff's state-court complaint are not as detailed as in some of the other cases cited. Plaintiff alleges that "defendants" created, allowed, and failed to warn of the hazard, and alleged the individual defendants' safety-related positions within the company. However, the affidavits submitted by defendants to rebut the allegations are more similar to those which the Taylor court found to be subject to credibility issues. Defendants do not dispute that they held the positions claimed by plaintiff, or that those positions had duties involving safety at the plant. Whether those responsibilities—including supervisory responsibility--were limited as defendants claim to avoid liability for the claims at issue and whether the individual defendants performed their duties in that regard appropriately, appear to be matters for the jury to determine. Accordingly, the individual defendants' denials of responsibility are not sufficient to satisfy the "clear and convincing" standard of proof to carry defendants' burden of showing that plaintiff can not possibly establish a cause of action against the individual defendants.

Defendants do not argue that state law provides no possible claim against a responsible employee,[8] but merely forward claims by these individuals that they lacked such responsibility. Thus, defendants' failure to demonstrate by clear and convincing evidence that these defendants were fraudulently joined is determinative of the instant motion to remand.

## Conclusion

Accordingly, the plaintiffs' motion to remand (Doc. 17) is GRANTED and this action is remanded to the Circuit Court of Choctaw County, Alabama.

DONE this the 21st day of October, 2011.

/s/  Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[8] Defendants argue that the individuals must be "personally" responsible under Alabama law, and plaintiff does not dispute that assertion in connection with this motion.